1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

GABRIELA HERNANDEZ,

               Plaintiff,

v.

CHEWY, INC.,

               Defendant.

Case No. 2:23-cv-05620 HDV RAO

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT [14]**

1

## I. INTRODUCTION

Plaintiff Gabriela Hernandez brings this lawsuit against Defendant Chewy, Inc.,[1] an online retailer of pet products, asserting it violates the Video Privacy Protection Act ("VPPA"). Before the Court is Defendant's Motion to Dismiss ("Motion"), which seeks dismissal of Plaintiff's Complaint on the grounds that the Court lacks personal jurisdiction over Defendant and the Complaint fails to allege sufficient facts to support a VPPA claim. More specifically, Defendant argues that the Complaint fails to allege adequately four elements of a VPPA claim: (1) that Defendant is a "video tape service provider," (2) that Plaintiff is a "consumer," (3) that Defendant disclosed "personally identifiable information," and (4) that any alleged disclosure was not "incident to the ordinary course of business," under the Act.

The Court finds that personal jurisdiction exists, but nonetheless concludes that the Complaint fails to state a VPPA claim. The Motion is granted and the Complaint dismissed without leave to amend.

## II. BACKGROUND

Defendant is a Delaware-incorporated online retailer of pet food and other pet-related products available for sale throughout the United States. Complaint ¶ 5 [Dkt. No. 1-1]; *see also* [Dkt. No. 14-1]. Plaintiff is a consumer privacy advocate who watched a video titled, "Hill's Free Shipping," on Defendant's website in 2023. *Id.* ¶¶ 4, 13. Defendant tracks such videos on its website and reports certain information to Google, including the video title and the site visitor's unique personal identification number. *Id.* ¶¶ 19, 20. Plaintiff also downloaded Defendant's mobile application onto her smartphone. *Id.* ¶ 14.

On June 5, 2023, Plaintiff initiated this putative nationwide class action asserting a violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*. Defendant filed the present Motion on August 18, 2023. [Dkt. Nos. 14]; *see also* [Dkt. Nos. 16, 17]. On November 16, 2023, the Court heard oral argument and took the Motion under submission. [Dkt. No. 22].

---

[1] DBA www.chewy.com.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to seek to dismiss a complaint because the court lacks personal jurisdiction. The plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(2) without an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[W]e only consider whether the [plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction."). "[U]ncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800.

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

### A. Personal Jurisdiction

Defendant argues that personal jurisdiction is not proper because Plaintiff fails to allege that Defendant's conduct establishes the requisite connection with California. Motion at 5–8. Personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1145–55 (citation

omitted). California authorizes jurisdiction on any basis consistent with federal due process requirements. Cal. Civ. Proc. Code. § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction over a nonresident defendant may be general or specific. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). In this case, Plaintiff primarily argues that the Court has specific jurisdiction over Defendant. Opp. at 1–6. A court has specific jurisdiction over a claim that arises out of a defendant's forum-related activities. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). To establish specific jurisdiction, the following three-part test must be met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which she purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). Plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The burden then shifts to Defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

For the first prong of the specific jurisdiction test, courts use the "purposeful availment" standard for claims sounding in contract and the "purposeful direction" standard for claims sounding in tort. *Id.* Here, Plaintiff's VPPA claim sounds in tort. To determine whether a defendant purposefully directs his activities at the forum state, courts apply the "effects test" outlined in *Calder v. Jones*, 465 U.S. 783 (1984), which considers whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.* at 803. As to the second element, the Ninth Circuit recently held that

a defendant "expressly aims" its conduct at a forum where, "in its regular course of business, [it] sells a physical product via an interactive website and causes that product to be delivered to the forum." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1093 (9th Cir. 2023).

Here, Plaintiff makes a sufficient prima facie showing to meet the first two prongs of the specific jurisdiction test. The Complaint alleges, "Defendant *knowingly* discloses to third parties the personally identifiable information of consumers derived from their video viewing habits, along with the title of any videos viewed by particular consumers." Complaint ¶ 21 (emphasis added). It further alleges, "Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians (including instances in which the website operates as a 'gateway' to sales), such that the website 'is the equivalent of a physical store in California.'" *Id.* ¶ 3. In addition, Defendant's website functions as an online store to sell its pet-related products. *Id.* ¶ 5; Declaration of Scott J. Ferrell ¶ 3, Exhibit 3 [Dkt. Nos. 16-1, 16-4]. Defendant did not submit an affidavit or any other evidence to contradict these allegations. Nor does it present a compelling case that the exercise of jurisdiction would not be reasonable under the third prong of the specific jurisdiction test. The Court finds that specific personal jurisdiction over Defendant is proper.

**B. VPPA Claim**

Congress enacted the VPPA in 1988 to "preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S. Rep. 100-599 at 1 (1988); *see also Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015) ("The VPPA was enacted in 1988 in response to the *Washington City Paper*'s publication of then-Supreme Court nominee Robert Bork's video rental history."). The Act provides that "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person . . . ." 18 U.S.C. § 2710(b)(1). To plead a claim under the VPPA, a plaintiff must plausible allege that: (1) the defendant is a "video tape service provider," (2) the defendant disclosed "personally identifiable information concerning any [consumer]" to "any person," (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by Section 2710(b)(2)." *Mollett*, 795 F.3d at 1066.

### 1. Video Tape Service Provider

The VPPA defines a "video tape service provider" as "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials . . . ." 18 U.S.C. § 2710(a)(4). "[F]or the defendant to be 'engaged in the business' of delivering video content, the defendant's product must not only be substantially involved in the conveyance of video content to consumers but also significantly tailored to serve that purpose." *In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017); *see id.* ("When used in this context, 'business' connotes 'a particular field of endeavor,' *i.e.*, a focus of the defendant's work."). Indeed, courts in the Ninth Circuit have recognized consistently that delivering video content must be central to the defendant's business or product for the VPPA to apply. *See, e.g., Carroll v. Gen. Mills, Inc.*, No. 23-cv-1746-DSF-MRW, 2023 WL 4361093, at *4 (C.D. Cal. June 26, 2023) ("The videos on the website are part of Defendant's brand awareness, but they are not Defendant's particular field of endeavor. Nothing suggests that Defendant's business is centered, tailored, or focused around providing and delivering audiovisual content."); *Cantu v. Tapestry, Inc.*, No. 22-cv-1974-BAS-DDL, 2023 WL 6451109, at *4 (S.D. Cal. Oct. 3, 2023) ("That the videos are used for marketing purposes, as admitted in the SAC, demonstrates that they themselves are not Defendant's product and therefore are only peripheral to Defendant's business.").

Applying this standard, the Court finds that the Complaint does not plausibly allege that Defendant is a video tape service provider under the VPPA. The Complaint alleges Defendant is an "online retailer of pet food and other pet-related products that offers goods for sale throughout the United States and in this County." Complaint ¶ 5. Plaintiff also alleges that "Defendant advertises video content on its website and encourages visitors to its website to watch the video content that Defendant hosts there." *Id.* ¶ 8. The Complaint goes on to state:

> Defendant is substantially involved in the creation and distribution of video content to visitors to its website. . . . [T]he video content is uniquely tailored to serve several core purposes of Defendant's business *such as promoting brand awareness, encouraging visitors to use and purchase Defendant's products, and encouraging visitor engagement with Defendant's website.*
>
> The use of website videos is an integral part of Defendant's business, and the

6

creation, editing, and distribution of such videos is a significant part of Defendant's core operations.

*Id.* ¶ 9, 10 (emphasis added). In Plaintiff's own words, the videos are aimed toward the sale of Defendant's pet products and are a marketing tool to promote Defendant's brand and website, nothing more. Beyond referencing a single video titled, "Hill's Free Shipping," with a link to a webpage about the pet food brand Hill's, the Complaint provides no substantive information about the video content it purports to be integral to Defendant's business. *See id.* ¶ 13.[2] Stated differently, it is not plausible to allege, as Plaintiff does here, that Defendant is "engaged in the business" of delivering video content by including on its website a video about free shipping of pet food. The Complaint fails to allege how this and other videos are a central focus of Defendant's business, nor could any plausible amendment remedy this fatal deficiency.

### 2. Consumer

The VPPA only applies to "consumers" defined as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1); *see also Carter v. Scripps Networks, LLC*, --- F. Supp. 3d ---, No. 22-cv-2031-PKC, 2023 WL 3061858, at *6 (S.D.N.Y. Apr. 24, 2023) ("In the statute's full context, a reasonable reader would understand the definition of 'consumer' to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large."). Plaintiff specifically alleges she is a "subscriber" because she downloaded Defendant's mobile app onto her smartphone. Complaint ¶ 14. To plausibly allege she is a subscriber under the VPPA, a plaintiff must allege an association with the defendant that is "sufficiently substantial and ongoing." *In re Vizio*, 238 F. Supp. 3d at 1223 (finding that the plaintiffs plausibly alleged they were subscribers because they paid for the defendant's application and defendant "continues to service them" through software updates and other features); *see also Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1252 (11th Cir. 2015) ("A person who downloads and uses a free mobile application on his smartphone to view freely available content, without more, is not a 'subscriber' . . . under the VPPA."); *Yershov v. Gannett Satellite Info.*

---

[2] https://www.chewy.com/brands/hills-6874.

*Network, Inc.*, 820 F.3d 482, 489 (1st Cir. 2016) (concluding that the plaintiff plausibly established he was a "subscriber" because when he downloaded defendant's mobile app, he provided personal information such as his Android ID and his mobile device's GPS location at the time he viewed a video, which was "a commitment to provide consideration in the form of that information").

The Court finds that the mere fact that Plaintiff allegedly downloaded Defendant's mobile app is inadequate to sustain a finding (even for pleading purposes) that she is a "subscriber" of Defendant's alleged video services. The Complaint alleges no facts whatsoever to establish a "substantial and ongoing" relationship with Defendant or its app. It also does not allege whether she viewed any of Defendant's video content on its mobile app. Having failed to plausibly allege that Plaintiff is a "subscriber" of Defendant's video services, the Complaint does not adequately plead that she is a "consumer" under the VPPA.

## V. CONCLUSION

Although personal jurisdiction over Defendant is proper, Plaintiff's Complaint simply fails to state a VPPA claim. Since the fatal deficiencies concerning the "video tape service provider" requirement cannot be plausibly remedied by further pleading, the Court finds that amendment would be futile and dismisses the Complaint without leave to amend. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020).[3]

Dated: December 13, 2023

_____
Hernán D. Vera
United States District Judge

---

[3] Because the Complaint fails to state a claim on the grounds discussed above, the Court does not reach the parties' arguments regarding "personally identifiable information" and whether any alleged disclosure was "incident to the ordinary course of business."